UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 05 2010 ★

BROOKLYN OFFICE

RANDOLPH LEIDL, an individual; ELSA
CEDENO, an individual; on behalf of
themselves and all others similarly situated,

Plaintiffs,

vs.

TRITIUM CARD SERVICES, INC., a New
York Corporation; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

Defendants.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL AND CALIFORNIA FAIR
DEBT COLLECTION PRACTICES ACTS**

**DEMAND FOR JURY TRIAL**

WEXLER, J

BOYLE. M.J.

## I. PRELIMINARY STATEMENT

1.      Plaintiffs, RANDOLPH LEIDL ("LEIDL") and ELSA CEDENO ("CEDENO"),

on their own behalf and on behalf of the classes they seek to represent, bring this action for the

illegal practices of the Defendant TRITIUM CARD SERVICES, INC. ("TRITIUM") who, *inter*

*alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection

with its attempts to collect an alleged debt from the Plaintiffs and others.

2.      The Plaintiffs allege that TRITIUM's collection practices violate the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the California Rosenthal

Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA").

3.      Such collection practices include, *inter alia*:

(a)     Leaving telephonic voice messages for consumers, which fail to provide

        meaningful disclosure of Defendant's identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the

        call is from a debt collector; and

(c)      Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of

certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8.      The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

9.      The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RFDCPA, and all other common law or statutory regimes.

10.     This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## II. PARTIES

11.    LEIDL is a natural person.

12.    At all times relevant to this lawsuit, LEIDL was a citizen of, and resided in, the Town of Huntington Station, Suffolk County, New York.

13.    CEDENO is a natural person.

14.    At all times relevant to this lawsuit, CEDENO was a citizen of, and resided in, the City of Garden Grove, Orange County, California.

15.    At all times relevant to this lawsuit, TRITIUM is a for-profit Corporation existing pursuant to the laws of the State of New York.

16.    TRITIUM maintains its principal business address at 865 Merrick Avenue, Village of Westbury, Nassau County, New York.

17.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

18.    The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of TRITIUM that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by TRITIUM and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

19.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

20.     Supplemental jurisdiction for CEDENO's state law claims arises under 28 U.S.C. § 1367.

21.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

22.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the Plaintiffs' claims occurred within this federal judicial district, and because TRITIUM is subject to personal jurisdiction in the State of New York at the time this action is commenced.

23.     CEDENO joins her claims with LEIDL pursuant to Fed. R. Civ. P. 20(a)(1) because those claims are with respect to or arise out of the same occurrence or series of transactions or occurrences as the claims of LEIDL, and a question of law or fact is common to all Plaintiffs and the putative classes they seek to represent.

## IV. FACTS REGARDING LEIDL

24.     Sometime prior to August 20, 2009, LEIDL allegedly incurred a financial obligation ("Leidl Obligation").

25.     The Leidl Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26.     Defendants contend that the Leidl Obligation is in default.

27.     The alleged Leidl Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28.     LEIDL is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

29.     LEIDL is informed and believes, and on that basis alleges, that sometime prior to August 20, 2009, the creditor of the Leidl Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to TRITIUM for collection.

30.     Within the one year immediately preceding the filing of this complaint TRITIUM contacted LEIDL on multiple occasions via telephone in an attempt to collect the Leidl Obligation.

31.     Beginning in or about early 2009, TRITIUM began leaving several "live" and "pre-recorded" telephonic voice messages for LEIDL on his cellular telephone voicemail system.

32.     The following is a transcription of one such voice message that TRITIUM left for LEIDL on August 20, 2009:

> "Hi, this message is for Randolph Leidl. This is Jacqueline [inaudible] calling from Tritium, Card Services. Please give me a call back as soon as possible at 888-245-1055; my extension is 5227. Thank you."

33.     The following is a transcription of one such voice message that TRITIUM left for LEIDL on September 10, 2009:

> "This message is for Randolph; it's Christopher Little. Try toll-free 888-245-1055. Thank you."

34.     The following is a transcription of one such voice message that TRITIUM left for LEIDL on September 14, 2009:

> "This message is for Randolph Leidl; Christopher Little. Today is Monday, September Fourteen. If you could give me a call, toll-free is 888-245-1055."

35.     At the time LEIDL received the above telephonic voice messages, he did not know the identity of callers.

36.     At the time LEIDL received the above telephonic voice messages, he did not know that the callers were a debt collector.

37.     At the time LEIDL received the above telephonic voice messages, he did not know that the calls concerned the collection of a debt.

38.     The telephone number 888-245-1055 is answered by is answered by persons who are employed by TRITIUM as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## V. FACTS REGARDING CEDENO

39.     Sometime prior to February 3, 2010, CEDENO allegedly incurred a financial obligation ("Cedeno Obligation").

40.     The Cedeno Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

41.     Defendants contend that CEDENO defaulted on the Cedeno Obligation.

42.     The Cedeno Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

43.     The Cedeno Obligation is a "debt" as defined by Cal. Civ. Code §1788.2(d).

44.     CEDENO is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

45.     CEDENO is, at all times relevant to this complaint, a "person" as that term is defined by Cal. Civ. Code §1788.2(g).

46.     CEDENO is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

47.     CEDENO is informed and believes, and on that basis alleges, that sometime prior to February 3, 2010, the Cedeno Obligation was either directly or through intermediate transactions assigned, placed, transferred, or sold to TRITIUM for collection.

-7-

48.     Within the one year immediately preceding the filing of this complaint, TRITIUM contacted CEDENO via telephone in an attempt to collect the Cedeno Obligation.

49.     Within the one year immediately preceding the filing of this complaint, TRITIUM placed telephone calls to CEDENO and left telephonic voice messages on her cellular telephone voicemail system in an attempt to collect the Cedeno Obligation.

50.     The following is a transcription of one such voice message that TRITIUM left for CEDENO on February 3, 2010:

> "This message is for Elsa Cedeno, my name is [inaudible] calling from Tritium Card Services. I need you to please return my call back at 1-800-231-2957; my direct extension is 5107. Office hours are from 8:00 a.m. to 11:00 p.m. Eastern Time, so we will be expecting your call. Thank you."

51.     The following is a transcription of one such voice message that TRITIUM left for CEDENO on February 16, 2010:

> "Hello, this message is for Elsa Cedeno; hi, my name is Evan Price and I'm calling today from Tritium Card Services. Please give us a call back at our toll-free number, which is 1-800-231-2957, at extension 5253. Our offices will be open tonight until midnight, and tomorrow from 8:00 a.m. to midnight Eastern Standard Time. Again, that toll-free number is 1-800-231-2957, at extension 5253. Thank you and have a great day."

52.     At the time CEDENO received the above telephonic voice messages, she did not know the identity of callers.

53.     At the time CEDENO received the above telephonic voice messages, she did not know that the callers were a debt collector.

54.     At the time CEDENO received the above telephonic voice messages, she did not know that the calls concerned the collection of a debt.

55.     The telephone number 1-800-231-2957 is answered by is answered by persons who are employed by TRITIUM as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

56.     To date, CEDENO has not received any written correspondence from TRITIUM.

## VI. FACTS COMMON TO ALL PLAINTIFFS

57.     TRITIUM collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

58.     TRITIUM is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

59.     TRITIUM is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

60.     TRITIUM is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

61.     Within the one year immediately preceding the filing of this complaint and as set forth above, TRITIUM contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged debts.

62.     Within the one year immediately preceding the filing of this complaint each of the Plaintiffs received one or more telephonic voice messages from TRITIUM, as set forth and described *supra*, on their home answering machines and/or voicemail systems ("Messages").

63.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

64.     Each of the Messages was left by persons employed as debt collectors by TRITIUM in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

65.     Each of the Messages was left by persons employed as debt collectors by TRITIUM in connection with the collection of a "debt" as defined by Cal. Civ. Code §1788.2(d).

66.     Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

67.     Each of the Messages uniformly failed to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

68.     Each of the Messages uniformly failed to provide meaningful identification of TRITIUM's identity as the caller.

69.     At the time each Plaintiff received the Messages, they did not know the identity of caller.

70.     At the time each Plaintiff received the Messages, they did not know that the caller was a debt collector.

71.     At the time each Plaintiff received the Messages, they did not understand that the call concerned the collection of a debt.

72.     The only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by TRITIUM, and then provide that debt collector with personal information.

73.     TRITIUM intended that the Messages have the effect of causing Plaintiffs and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

74.     Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the State of New York and California -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

-10-

75.     At all times relevant to this action, TRITIUM was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

76.     At all times relevant to this action, TRITIUM willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiffs and similarly situated consumers, such as the Messages, that the call is from a debt collector.

77.     Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the State of New York and California -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

78.     At all times relevant to this action, TRITIUM was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

79.     At all times relevant to this action, TRITIUM willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

80.     TRITIUM's act of leaving the Messages for Plaintiffs is conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA and RFDCPA.

81.     TRITIUM's act of leaving the Messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any

debt and is in violation of the FDCPA and RFDCPA.

82.     The FDCPA and RFDCPA secure a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that TRITIUM is a debt collector in a manner understandable to the least sophisticated consumer, TRITIUM has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## VII.  POLICIES AND PRACTICES COMPLAINED OF

83.     It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA and RFDCPA by, *inter alia*:

(a)     Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of TRITIUM's identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

84.     On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiffs, number at least in the hundreds.

## VIII.  CLASS ALLEGATIONS

85.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

86.     With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the United States of America (b) for whom Defendant left a voice message

on a voicemail system or answering machine, in the form of the Messages, (c) that did not identify Defendant by name and state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

87.   With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of California (b) for whom Defendant left a voice message on a voicemail system or answering machine, in the form of the Messages, (c) that did not identify Defendant by name and state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the RFDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

88.   The identities of all class members are readily ascertainable from the records of TRITIUM and those companies and governmental entities on whose behalf it attempt to collects debts.

89.   Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

90.   There are questions of law and fact common to the First Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

-13-

91.     There are questions of law and fact common to the Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate Cal. Civ. Code §§ 1788.11(b) and 1788.17

92.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

93.     The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

94.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members.

(i)     With respect to the First Plaintiff Class, the principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11); and

-14-

(ii)     With respect to the Second Plaintiff Class, the principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate Cal. Civ. Code §§ 1788.11(b) and 1788.17.

(c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

95.    Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for TRITIUM, which, on information and belief, collects debts throughout the United States of America.

96.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA and RFDCPA would be merely incidental to that determination.

97.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

98.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## IX.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

99.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

100.    Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b)     Placing telephone calls without providing meaningful disclosure of TRITIUM's identity as the caller in violation of 15 U.S.C. § 1692d(6);

-16-

(c)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d)     Failing to disclose in its initial communication with the consumer, when that communication is oral, that TRITIUM is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e)     Failing to disclose in all oral communications that TRITIUM is a debt collector in violation of 15 U.S.C. §1692e(11).

## X.  SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (BY CEDENO AGAINST ALL DEFENDANTS)

101.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

102.    Defendants violated the RFDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of TRITIUM's identity as the caller in violation of Cal. Civ. Code § 1788.11(b); and

(b)     Leaving telephonic voice messages for CEDENO in an attempt to collect a debt, wherein the Defendants violated 15 U.S.C. §§ 1692, *et seq.*, as set forth above in Plaintiffs' First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

## XI. PRAYER FOR RELIEF

103.    WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Classes as follows:

A.    **For the FIRST CAUSE OF ACTION**:

(i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing LEIDL, CEDENO, and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined above.

(ii)    An award of the maximum statutory damages for LEIDL, CEDENO, and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)    Declaratory relief adjudicating that TRITIUM's telephone messages violate the FDCPA;

(iv)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v)    For such other and further relief as may be just and proper.

B.    **For the SECOND CAUSE OF ACTION**:

(i)    An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing CEDENO and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(ii)    An award of the maximum statutory damages for CEDENO and the Second Plaintiff Class pursuant to Cal. Civ. Code §1788.30(b);

(iii)    Declaratory relief adjudicating that TRITIUM's telephone messages violate the RFDCPA;

(iv)   Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the substantial benefit and common fund doctrine in an amount to be determined at trial; and

(v)   For such other and further relief as may be just and proper.

## XII. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED:        Fresh Meadows, New York
             August 3, 2010


             WILLIAM F. HORN, ESQ. (WH-1070)
             Law Office of William F. Horn
             188-01B 71st Crescent
             Fresh Meadows, NY 11365
             Telephone:  (718) 785-0543
             Facsimile:  (866) 596-9003

             *Attorney for Plaintiffs, Randolph Leidl, Elsa
             Cedeno, and all others similarly situated*

-19-